UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY R. RICHARDS,

    Plaintiff,

v.                          CAUSE NO. 3:20-CV-952-DRL-MGG

THE GEO GROUP *et al.*,

    Defendants.

OPINION & ORDER

Danny R. Richards, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983.[1] Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Richards alleges that he suffers from GERD and ulcerative colitis, and that he had a portion of his colon and large intestine removed in 2008. As a result, he has ongoing pain and digestive problems. He says he was housed at New Castle Correctional Facility until January 2020, when he was transferred to Indiana State Prison (ISP), where he remains today. He alleges that since January 2020 he has been under the care of Dr. Nancy Marthakis, a physician at ISP. He claims that Dr. Marthakis took him off the pain medication he had been taking for several years, and instead prescribed a series of drugs that hasn't alleviated his pain. He further claims that she has taken away his order for

---

[1] Both the original complaint and amended complaint were filed in the Southern District of Indiana. The case was transferred here on November 11, 2020.

additional toilet paper, Tums, Prilosec, and Tylenol, which had been provided to him for several years at New Castle to help alleviate the symptoms and side effects of his digestive issues. He claims that she has not done this for any legitimate medical reason and has brushed off his complaints of ongoing pain. He claims that Nurse Practitioner D. Thews and Nurse Sherrie Fritters, both of whom work under Dr. Marthakis, have also ignored his complaints of pain and have refused to provide him with any over-the-counter medications. Based on these events, he sues a host of defendants at ISP and at New Castle, seeking monetary damages and injunctive relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) that the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

2

"[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Giving Mr. Richards the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim for monetary damages against Dr. Marthakis, Nurse Practitioner Thews, and Nurse Fritters for failing to treat his pain and digestive issues adequately since his arrival at ISP in January 2020. He also seeks injunctive relief related to his ongoing need for medical care, and Warden Ron Neal has both the authority and the responsibility to ensure that inmates at ISP are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Richards will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care.

Mr. Richards also sues Robert E. Carter, the Commissioner of the Indiana Department of Correction, and Mr. Newkirk (first name unknown), the ISP Executive Director, but there is nothing in the complaint to suggest that they made decisions regarding Mr. Richards' medical care or were otherwise personally involved in these

events. There is no general *respondeat superior* liability under § 1983, and these officials cannot be held personally liable solely because they oversee operations at ISP or supervise other correctional employees. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The fact that Mr. Richards wrote to these individuals to complain about his medical care also does not establish a basis for imposing personal liability. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). They will be dismissed.

Mr. Richards also sues Wexford of Indiana, LLC, the private company that provides medical staff at ISP. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, again, there is no general *respondeat superior* liability under § 1983, and Wexford cannot be held liable solely because it employs Dr. Marthakis or the other medical professionals involved in Mr. Richards's care. *J.K.J.*, 960 F.3d at 377. A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Mr. Richards includes boilerplate about an alleged unlawful policy in his complaint, but he doesn't clearly identify what official policy underlies his *Monell* claim. There is no factual content in the complaint from which it can be plausibly inferred that the prison has an official policy of providing inadequate medical care to inmates. To the extent he is trying to allege that the prison has a widespread practice of providing inadequate care, he describes only his own medical care, and as a general matter one incident is not enough to establish a widespread practice under *Monell*. *See Rodriguez v. Milwaukee Cty.*, 756 F. Appx. 641, 643 (7th Cir. 2019); *Dixon*

*v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Nor is there any indication that it was an official policy or practice that caused his injury. Rather, his complaint describes individual failings by the three medical professionals who are providing his care. He will not be permitted to proceed against this corporate defendant.

Mr. Richards also sues medical staff and other employees at New Castle, but they aren't mentioned anywhere in the body of his complaint. There is no factual content in the complaint from which a plausible deliberate indifference claim against these defendants can be inferred. Mr. Richards is no longer housed at New Castle, and any claim for injunctive relief against these defendants related to his ongoing need for medical care has become moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). These defendants will be dismissed.

As a final matter, Mr. Richards has separately moved for preliminary injunctive relief (ECF 12). He argues that he needs medical care to address his pain and other symptoms while this case is pending. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the plaintiff must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). If the plaintiff makes this showing, the court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654,

665 (7th Cir. 2013).

An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct, like the one Mr. Richards seeks here, is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). Additionally, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

> Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Id.* (quotation marks, citations, and alterations omitted). Based on this, the court will order Warden Neal to respond to the motion for a preliminary injunction before taking further action.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis, Nurse Practitioner D. Thews, and Nurse Sherrie Fritters in their personal capacities for monetary damages for failing to provide adequate medical care for his pain and digestive issues from January 2020 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity on an Eighth Amendment claim to obtain injunctive relief related to medical care needed to address his pain and digestive issues;

(3) DISMISSES all other claims;

(4) DISMISSES the GEO Group, Warden, NCCF, Mrs. French, Mrs. Owens, Capt. Adams, Sgt. Seye, Sgt. Ndaiye, Ms. Moore, John Doe #1, Jane Doe #1, Mr. Betters, Ms. Gard, John Doe #2, Mr. Reed, Wexford of Indiana, Mrs. Hord, Mrs. Williams, Jane Doe #2, Jane Doe #3, Jane Doe #4, Commissioner Robert E. Carter, and Mr. Newkirk;

(5) DIRECTS the clerk to request a Waiver of Service from Warden Ron Neal by email to the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to Warden Ron Neal at Indiana State Prison;

(7) DIRECTS the United States Marshals Service to serve process on Warden Ron Neal pursuant to 28 U.S.C. § 1915(d) by **December 7, 2020**, if he has not filed an appearance by **November 30, 2020**;

(8) ORDERS Warden Ron Neal to file and serve a response to the motion for a preliminary injunction (ECF 12) as soon as possible, but no later than **December 14, 2020**, with supporting medical documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical condition, what medical evaluations and treatment he has received to date, and what future course of treatment, if any, has been prescribed;

(9) DIRECTS, the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Nancy Marthakis, Nurse Practitioner D. Thews, and Nurse Sherrie Fritters at Wexford of Indiana, LLC, and to send

them a copy of this order and the amended complaint (ECF 13) pursuant to 28 U.S.C. § 1915(d);

(10) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(11) ORDERS Warden Ron Neal, Dr. Nancy Marthakis, Nurse Practitioner D. Thews, and Nurse Sherrie Fritters to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 12, 2020                    *s/ Damon R. Leichty*
                                      Judge, United States District Court