UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY R. RICHARDS,

          Plaintiff,

    v.                                 CAUSE NO. 3:20-CV-952 DRL-MGG

D. THEWS *et al.*,

          Defendants.

OPINION AND ORDER

Danny R. Richards, a prisoner proceeding without a lawyer, requests leave to amend his complaint, with a proposed amended complaint. (ECF 59, ECF 59-1.) His amendment is timely under the scheduling order. In the interest of justice, the motion is granted and the court will proceed to screen the amended complaint under 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

As with his original complaint, Mr. Richards alleges that he suffers from GERD, ulcerative colitis, and had prior surgeries involving the removal of a portion of his colon and large intestine. He has other chronic conditions, including diabetes and chronic

obstructive pulmonary disease (COPD). As a result, he has ongoing pain and digestive problems.

In January 2020, he was transferred to Indiana State Prison (ISP) from another facility. He alleges that since January 2020 he has been under the care of Dr. Nancy Marthakis, a physician at ISP. He claims that Dr. Marthakis took him off the pain medication he had been taking for several years, and instead prescribed a series of drugs that do not alleviate his pain. He claims that she has not done this for any legitimate medical reason and has brushed off his complaints of ongoing pain. He further claims that Nurse Practitioner D. Thews and Nurse Sherrie Fritters, both of whom work under Dr. Marthakis, have ignored his complaints of pain and have refused to provide him with any medications, instead referring him to the prison commissary to buy Tylenol. He has told his providers that he is indigent and cannot pay for over-the-counter medications, but Dr. Marthakis allegedly responded that he should "get a prison job."

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) that the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Courts

generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Mr. Richards was previously granted leave to proceed against Dr. Marthakis, Nurse Practitioner Thews, and Nurse Fritters. Giving him the inferences to which he is entitled at this stage, he has again alleged a plausible Eighth Amendment claim against these defendants for failing to provide him adequate medical care to alleviate his ongoing pain. As with his first amended complaint, he again seeks injunctive relief related to his need for medical care, and Warden Ron Neal has both the authority and the responsibility to ensure that inmates at ISP are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th

Cir. 2011). Therefore, Mr. Richards will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief.

Mr. Richards also seeks to add a claim against Wexford of Indiana, LLC ("Wexford"), the private company that employs medical staff at ISP. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general supervisory liability under § 1983, and Wexford cannot be held liable solely because it employs Dr. Marthakis and the other medical professionals involved in Mr. Richards's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). *Monell* requires "a plaintiff suing a municipality or comparable entity to demonstrate that the entity's official policy . . . was the 'moving force' behind his constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016); *see also Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017).

Here, Mr. Richards alleges that Wexford has a policy "that prohibits and/or discourages prison medical staff from providing long-term pain treatment" to inmates, and that medical staff are instead "instructed to refer prisoners to commissary pain relievers." He alleges that Dr. Marthakis, Nurse Fritters, and Nurse Practitioner Thews simply went along with this policy, ignored his complaints of pain, and referred him to the prison commissary rather than providing him effective treatment to manage his pain. He has alleged enough to proceed past the pleading stage against Wexford.

4

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 59) and DIRECTS the clerk to docket the proposed amended complaint (ECF 59-1) as a separate docket entry;

(2) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis, Nurse Practitioner D. Thews, and Nurse Sherrie Fritters in their personal capacities for monetary damages for failing to provide adequate medical care for his pain and digestive issues from January 2020 to the present in violation of the Eighth Amendment;

(3) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity to obtain permanent injunctive relief related to his need for constitutionally adequate medical care to address his pain and digestive issues;

(4) GRANTS the plaintiff leave to proceed on an Eighth Amendment claim for monetary damages against Wexford of Indiana, LLC, for maintaining a policy of discouraging medical providers from providing effective pain medication for inmates' chronic pain, and instead encouraging providers to simply refer inmates to the commissary to purchase over-the-counter medications;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis, Nurse Practitioner D. Thews, Nurse Sherrie Fritters and Wexford of Indiana, LLC, at Wexford of Indiana, LLC, and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(9) ORDERS Warden Ron Neal, Dr. Nancy Marthakis, Nurse Practitioner D. Thews, Nurse Sherrie Fritters, and Wexford of Indiana, LLC, to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 26, 2021                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court

6